FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WINONA L.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:19-cv-00242-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Winona L.C. appeals the Administrative Law Judge's (ALJ) denial of her application for Supplemental Security Income (SSI) benefits. She alleges the ALJ (1) improperly evaluated the opinions of a psychologist, a nurse practitioner, and a licensed social worker, and (2) erred in discounting Plaintiff's own subjective symptom testimony. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 11, 12. Upon reviewing the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the reasons set forth below, the Court finds the ALJ did not err in evaluating the medical opinion evidence or Plaintiff's symptom

testimony. Accordingly, the Court denies Plaintiff's motion for summary judgment and grants the Commissioner's motion for summary judgment.

## BACKGROUND[1]

Plaintiff applied for benefits on February 9, 2017, alleging disability with an onset date of January 1, 1994, though she later amended the alleged onset date to December 16, 2016. AR 185–90, 15.[2] The Commissioner denied Plaintiff's application on March 20, 2017, *see* AR 86–89, and denied it again on reconsideration, *see* AR 93. At Plaintiff's request, a hearing was held before ALJ Donna Walker. AR 33–59. The ALJ denied Plaintiff benefits on July 26, 2018. AR 12–32. The Appeals Council denied Plaintiff's request for review on May 17, 2019. AR 1–6. Plaintiff then appealed to this Court under 42 U.S.C. § 405(g). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 8, are to the provided page numbers to avoid confusion.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 2

last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ALJ FINDINGS**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful

activity since the application date. AR 17.

At step two, the ALJ found that Plaintiff had several medically determinable severe impairments: trochanteric bursitis of the bilateral hips; minor degenerative changes of the left knee; trapezius strain/mild impingement of the left shoulder; moderate persistent asthma, exercise-induced, without complication; tobacco abuse disorder; morbid obesity; major depressive disorder; generalized anxiety disorder; personality disorder with antisocial and borderline features; and post-traumatic stress disorder. *Id.* The ALJ found Plaintiff's borderline intellectual functioning; acute cholecystitis; polyuria; upper respiratory infection; and carpal tunnel were not severe impairments. AR 17–18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 18.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform a restricted range of light work as defined in 20 C.F.R. § 416.967 (b) with the following limitations:

> [Plaintiff] can frequently stoop (i.e., bend at the waist) kneel, or crouch (i.e., bend at the knees); she can occasionally climb ramps or stairs; she can never crawl or climb ladders, ropes or scaffolds; she can frequently reach overhead with the left upper extremity; should avoid concentrated exposure to extreme cold, vibration, and hazards (such as dangerous machinery or unprotected heights); she can understand, remember, and apply information that is simple and routine; she can work in proximity

to, but not close cooperation with, co-workers and supervisors; she should work in an environment where contact with the public is not required; she has the ability, with legally required breaks, to focus attention on work activities and stay on task at a sustained rate; she can complete tasks in a timely manner, sustain an ordinary routine, regularly attend work, and work a full day without needing more than the allotted number or length of rest periods; and has the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, and be aware of normal hazards and take appropriate precautions.

AR 18–19.

In reaching this determination, the ALJ gave great weight to the opinions of Jay Toews, M.D., Carol Moore, Ph.D., Eugene Kester, M.D., and Robert Hander, M.D. AR 24–25. The ALJ gave little weight to the opinions of John Arnold, Ph.D., Jennifer Brumley, a licensed social worker, and Melody Bremis, ARNP. *Id.* at 25–26.

At step five, the ALJ found Plaintiff had no past relevant work history, but in view of her RFC, age, education, and work experience could be expected to perform work as a small parts assembler, food sorter, or bottle packer/caser, each of which existed in substantial number in the national economy. AR 24.

**STANDARD OF REVIEW**

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674

F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The Court will not reverse an ALJ's decision if the errors committed by the ALJ were harmless. *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.    The ALJ did not err in evaluating the medical opinion evidence**

Plaintiff first contends the ALJ erred in ascribing reduced weight to the opinions of Dr. John Arnold, Ph.D., Jennifer Brumley, a licensed social worker, and Melody Bremis, ARNP. ECF No. 11 at 17–18. The Commissioner argues the ALJ's evaluation of these opinions was proper. ECF No. 12 at 14–19.

1.  **John Arnold, Ph.D.**

For SSI appeal purposes, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (alteration in original) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (internal citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830–31). But the ALJ need not accept the opinion of any physician,

including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

The ALJ assigned little weight to Dr. Arnold's opinions for several reasons, including that those opinions were inconsistent with the longitudinal medical record, which the ALJ noted Dr. Arnold had not reviewed prior to assessing Plaintiff as "markedly" and "severely" limited in numerous areas. AR 25–26. Plaintiff argues Dr. Arnold did, in fact, review Plaintiff's prior medical records. ECF No. 13 at 5 (citing AR 592). But the record Plaintiff cites does not support that conclusion; while it indicates Plaintiff told Dr. Arnold she was receiving mental health treatment—and thus Dr. Arnold was *aware* of Plaintiff's medical records—there is no indication he in fact received or reviewed those records. *See* AR 592. As such, the Court finds the ALJ was justified in assigning reduced weight to Dr. Arnold's opinions because they were not informed by review of the medical record, as Dr. Toews's opinions were. AR 25–26; *see also Andrea S., v. Comm'r Soc. Sec. Admin.*, Case. No. 3:19-CV-00465-AC, 2020 WL 2751887, at *5 (D. Or. May 27, 2020) (citing *Bray*, 554 F.3d at 1228) (upholding decision of ALJ who assigned reduced weight to opinions of reviewing physicians who did not review all available medical records).

The ALJ also properly identified incongruities between Dr. Arnold's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 9

1  opinions and the objective medical evidence. Plaintiff is correct that where a
2  claimant alleges disability due to mental illness, an ALJ errs by identifying "a few
3  isolated instances of improvement over a period of months or years and treat[ing]
4  them as a basis for concluding a claimant is capable of working." *Garrison v.*
5  *Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citing *Holohan v. Massanari*, 246 F.3d
6  1195, 1205 (9th Cir. 2001)). But while the ALJ's discussion of Dr. Arnold's
7  opinions only identified one *example* of inconsistency between those opinions and
8  the medical record—a "normal" test of Plaintiff's cognition from near the time of
9  Plaintiff's application, *see* AR 26 (citing AR 306)—his written decision cataloged
10 many such instances throughout the record of Plaintiff exhibiting mental capacity
11 incompatible with the many "marked" and "severe" limitations Dr. Arnold
12 assessed. *See* AR 20–26 (citing, e.g., AR 427, 484–87; 499; 566). To be sure, the
13 medical record also contained reports of Plaintiff experiencing the severe symptoms
14 she alleged, but the Court cannot conclude the ALJ unfairly found Dr. Arnold's
15 opinions inconsistent with the longitudinal medical record as a whole.

16  Because Dr. Arnold's opinions were at odds with those of Dr. Toews, the
17 ALJ was only required to provide "specific and legitimate reasons that are
18 supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d
19 at 830–31). Having reviewed the ALJ's decision and the medical record before her,
20 the Court finds Dr. Arnold's lack of familiarity with Plaintiff's medical records and

inconsistency between his assessment of Plaintiff's limitations and the longitudinal medical record were specific and legitimate reasons, supported by substantial evidence, to assign those opinions reduced weight. The Court will not, therefore, disturb the ALJ's decision on this ground.

### 2.     Jennifer Brumley, MSW, LSW

Plaintiff next contends the ALJ erred in assigning reduced weight to the opinions of licensed social worker Jennifer Brumley. ECF No. 11 at 17–18. An ALJ may consider "other source" testimony from medical sources such as nurse practitioners, physicians' assistants, and counselors. 20 C.F.R. § 404.1513(d)(1).[3] Testimony from "other sources" regarding a claimant's symptoms or how an impairment affects his or her ability to work is competent evidence and cannot be disregarded without comment. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) (discussing friend and family lay witnesses, also listed as other sources under 20 C.F.R. § 404.1513(d)). If an ALJ chooses to discount testimony of such a witness, the ALJ must provide "reasons that are germane to each witness" and may not simply categorically discredit the testimony. *Id*. at 919.

The ALJ assigned little weight to Ms. Brumley's opinions both because they were undated, preventing the ALJ from assessing whether Brumley's opinions

---

[3] The Court applies the regulations as written at the time Plaintiff's application for benefits was filed.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 11

reflected Plaintiff's condition during the period of alleged disability, and because they were based exclusively on Plaintiff's self-reports, rather than any objective clinical findings. AR 26 (citing AR 264–65 ("[Plaintiff] reports difficulties with memory as well as daily events that trigger PTSD."); *see also Valentine*, 574 F.3d 685, 694 (9th Cir. 2009) (heavy reliance on claimant's self-reports is germane reason to reject "other source" opinions where ALJ has also discounted claimant's symptom testimony). Having reviewed Brumley's two-page report—which consisted of short, conclusory, handwritten statements, the Court finds the ALJ identified germane reasons to assign her opinions reduced weight. *See Bray*, 554 F.3d at 1228 (ALJ may reject opinions of physician were based on inadequate clinical findings).

### 3.  Melody Bremis, ARNP

The ALJ also assigned little weight to the opinions of Nurse Practitioner Melody Bremis because they lacked specificity and were formulated a year prior to the application date. AR 26. As set out above, because Ms. Bremis's was an "other source" opinion, the ALJ was only required to provide "germane" reasons to assign it reduced weight. *Dodrill*, 12 F.3d at 918–19. Having reviewed the record, the Court concludes the ALJ identified germane reasons to reject Ms. Bremis's

opinions.[4] *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (citing *Fair*, 885 F.2d 597, 600 (9th Cir. 1989) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *Bray*, 554 F.3d at 1228 (ALJ may reject physician's conclusory opinions).

**B.   The ALJ did not err in discounting Plaintiff's subjective symptom testimony**

Plaintiff also contends the ALJ erred in discounting Plaintiff's own subjective symptom testimony. ECF No. 11 at 14–16. Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of her symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record,

---

[4] Accordingly, Plaintiff's argument that the credibility of Ms. Brumley's opinions was enhanced by their consistency with Nurse Practitioner Bremis's is insufficient to overturn the ALJ's decision. *See* ECF No. 11 at 17.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 13

among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

The ALJ rejected Plaintiff's symptom testimony for several reasons. First, the ALJ noted Plaintiff's limited work history since approximately a decade prior to the alleged onset date detracted from her credibility in testifying that her disability prevented her from securing gainful employment. *See* AR 21. Specifically, the ALJ noted that Plaintiff had not worked since 2006 and, when asked during the hearing to explain this, first testified it was because she had no "job history," did not "work well with others," and was prohibited from working "with children or the elderly or anybody disabled," which the ALJ attributed to Plaintiff's criminal history. *See* AR 21, 47. During an interview with Dr. Arnold, Plaintiff stated she quit her most recent job because her "supervisor said choose between job and family," and told Dr. Arnold she had been fired from other jobs because she "can't get along with others," is not "a team player" and doesn't "get along with other people." AR 592. When asked during the hearing to elaborate on her difficulty cooperating with co-workers, Plaintiff explained she "get[s] upset with people behind her" and "usually end[ed] up having a lot of stress at work, and [] can't think straight." AR 47. Plaintiff testified that as a result, she "usually end[ed] up screwing something up and just having problems." *Id.* When pressed

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 14

further, Plaintiff also attributed her lack of recent employment to her alleged symptoms. *See* AR 48–54.

The ALJ also concluded Plaintiff's lack of gainful employment for ten years preceding the amended onset date could be explained by her self-described role as "homemaker." AR 21 (citing AR 308, 359, 433, 498, 533). During the hearing, Plaintiff testified her spouse was pursuing a technical credential and working, and that she was responsible for four children, ranging in age from five to fifteen at the application date, who were living in the home. AR 42–46. Plaintiff explained her duties at home included household chores such as doing laundry and cooking. AR 53. The ALJ thus concluded Plaintiff was "quite functional and busy."[5]

An ALJ may assign reduced weight to a claimant's testimony that her symptoms limit her ability to work where that testimony is undermined by significant periods of unemployment attributable to causes other than the alleged disability. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (upholding

---

[5] The Court also concludes the ALJ's finding that Plaintiff's activities of daily living were inconsistent with the nature and severity of her alleged symptoms was supported by the record. While "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), an ALJ is justified in discrediting a claimant's symptom testimony where it is incompatible with her self-described daily activities. *See Bray*, 554 F.3d at 1227. Having reviewed the record, the Court cannot find the ALJ's conclusion—that Plaintiff's activities of daily living was at odds with the severity of the symptoms she alleged—was arbitrary or baseless.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT – 15

ALJ's decision attributing little weight to symptom testimony of claimant whose "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability"); *Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015); *cf. Gonzales v. Berryhill*, 261 F. Supp. 3d 1085, 1097 (D. Or. 2017) (reversing ALJ's decision discrediting symptom testimony where bases for claimant's past terminations were *consistent* with alleged symptoms).

Having reviewed the record, the Court finds the ALJ articulated clear and convincing reasons to attribute reduced weight to Plaintiff's subjective symptom testimony. Plaintiff did not maintain gainful employment for nearly a decade prior to first claiming disability, and the ALJ reasonably concluded this gap in Plaintiff's employment was attributable both to her self-professed inability to cooperatively work with others and her substantial responsibilities at home. The Court finds these were clear and convincing reasons, supported by substantial evidence, to reject Plaintiff's symptom testimony, and therefore declines to overturn the ALJ's decision on this basis.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

3. The Clerk's Office shall **ENTER JUDGMENT** in favor of **DEFENDANT** and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge